Sam L. Dodson v. The State.

No. 5733.   Decided March 24, 1920.

**Live Stock Law—Insufficiency of the Evidence—Proof of Local Option.**

Where, upon trial of a violation of the quarantine established by the Live Stock Sanitary Commission, the record on appeal showed that there was no proof that such quarantine had been established, the conviction cannot be sustained. Following Tyrel v. State, 44 S. W. Rep., 159.

Appeal from the County Court of Ellis.   Tried below before the Honorable F. L. Wilson.

Appeal from a conviction of a violation of the quarantine law established by the Live Stock Sanitary Commission; penalty: a fine of $25.

The opinion states the case.

No brief on file for appellant.

*Alvin M. Owsley,* Assistant Attorney General for the State.

MORROW, Judge.—The information charges that the appellant was the owner and caretaker of three head of cattle "located in territory quarantined by the Live Stock Sanitary Commission of Texas through the provisions of law." This is followed by a description of the property quarantined, being approximately eighty acres of land. It is further charged in the pleading that upon inspection the cattle were found to be affected with fever ticks, and that the appellant failed to comply with the notice to dip them. In Chapter 60, Acts of the thirty-fifth Legislature, is to be found the provisions of the law under which this prosecution is established and conducted. We find in the Chapter that sections 17 and 18 provide the procedure for establishing a quarantine by the Live Stock Sanitary Commission, prescribing, among other things, that they shall designate the district or part of the county, and a notice shall be issued by the Chairman and the notice published; or, in lieu of publication, that a copy of the notice be served upon the persons to be affected by the order; and that. whether the notice be published in a newspaper or be in the form of a written notice served upon the persons, a duplicate copy of it shall

be filed with the county clerk of the county in which the quarantine is declared, "which duplicate copy shall be admissible as evidence in lieu of the original quarantine notice in any of the courts of this State."

We understand from the allegations that the information charges a violation of a quarantine established in the manner referred to, but we fail to find in the statement of facts any proof that such quarantine has been established. The absence of such proof, unless we misinterpret the law, is fatal to the conviction. Section 18 of the Act from which we have quoted, contains a specific intimation that it is contemplated that the establishment of the quarantine shall be proved. This rule would obtain, however, under the general practice which requires proof of local laws. A familiar example of this requirement will be found in the numerous cases in which it has been held that in prosecutions for the sale of intoxicating liquors in violation of the local option prohibition laws, failure to prove that the election had been held and the prohibition put in force in the particular territory was fatal. Tyrel v. State, 44 S. W. Rep., 159, and other cases listed in Branch's Annotated Texas Penal Code, Sec. 1231.

For the reason stated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*